**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PATRICIA A. BUGGS,
      Appellant,

      v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,
      Agency.

DOCKET NUMBER
DC-3330-19-0844-I-5

DATE: May 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patricia A. Buggs, Fredericksburg, Virginia, pro se.

Keian Weld, Esquire, Susan M. Andorfer, Esquire, and LerVal Marcelline Elva, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal without prejudice to refiling. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we DENY the appellant's petition for review, AFFIRM the initial decision insofar as it dismissed the appellant's appeal without prejudice to refiling pending the Board's resolution of the interlocutory appeals in *Jolley v. Department of Housing and Urban Development*, MSPB Docket Nos. AT-4324-18-0576-I-2 and AT-4324-19-0041-I-1, and *Flynn v. Securities and Exchange Commission*, MSPB Docket No. DC-1221-14-1124-M-4, on the question of whether the Board's administrative judges were properly appointed under the Appointments Clause of the U.S. Constitution, and FORWARD the case to the Board's Washington Regional Office for adjudication of the underlying appeal.

## BACKGROUND

On September 19, 2019, the appellant filed an appeal alleging the agency violated her rights under the Veterans Employment Opportunities Act of 1998. *Buggs v. Department of Health and Human Services*, MSPB Docket No. DC-3330-19-0844-I-1, Initial Appeal File (IAF), Tab 1 at 4-5. The agency moved for reassignment of the appeal or dismissal without prejudice, citing the U.S. Supreme Court's decision in *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), concerning the appointment of administrative law judges. IAF, Tab 5. On October 4, 2019, the administrative judge issued a decision dismissing the appeal without prejudice to refiling, noting that the agency's argument concerning *Lucia* was currently certified to the Board for interlocutory

appeal.  IAF, Tab 8, Initial Decision (I-1 ID) at 1-2.  That decision specified that the appeal would be automatically refiled 180 days from the date of the decision, or, if the Board issued a decision addressing the *Lucia* issue prior to that date, the appellant could request to refile her appeal.  I-1 ID at 2.

The appeal was automatically refiled and dismissed without prejudice subject to refiling multiple times.  *Buggs v. Department of Health and Human Services*, MSPB Docket No. DC-3330-19-0844-I-4, Tab 1, Tab 6, Initial Decision (I-4 ID) at 2-3; *Buggs v. Department of Health and Human Services*, MSPB Docket No. DC-3330-19-0844-I-3, Tab 1, Tab 6, Initial Decision (I-3 ID) at 2-3; *Buggs v. Department of Health and Human Services*, MSPB Docket No. DC-3330-19-0844-I-2, Tab 1, Tab 4, Initial Decision (I-2 ID) at 1, 3.[2]  On December 27, 2021, the instant appeal was automatically refiled.  *Buggs v. Department of Health and Human Services*, MSPB Docket No. DC-3330-19-0844-I-5 (I-5 AF), Tab 1.  On February 3, 2022, the administrative judge issued an initial decision again wherein he noted that the *Lucia* issue had still not been resolved and that in the interest of judicial economy and administrative efficiency the appeal would be again dismissed without prejudice to allow the Board to address the *Lucia* issue.  I-5 AF, Tab 4, Initial Decision (I-5 ID) at 2-3.

The appellant timely filed a petition for review.  Petition for Review (PFR) File, Tab 1 at 4.  The agency has filed a response opposing the petition for review, noting that the *Lucia* issue is now moot.  PFR File, Tab 6 at 4-5.  The appellant has not responded.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant challenges the administrative judge's decision to dismiss her appeal without prejudice subject to refiling.  PFR File, Tab 1 at 4.  Specifically, she appears to have adopted the agency's *Lucia* argument, claiming

---

[2] The initial decisions specified that the case would be automatically refiled 180 days from the date of the decisions, or earlier in the event the Board issued a decision addressing the *Lucia* issue.  I-2 ID at 2; I-3 ID at 3; I-4 ID at 3.

that she is entitled "to a hearing and review by constitutionally-appointed decision-maker(s)." *Id.* at 4, 14, 43.

An administrative judge has wide discretion to control the proceedings before him and dismissal without prejudice is a procedural option committed to his sound discretion. *Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 9 (2009). A dismissal without prejudice is appropriate when it is in the interests of fairness, due process, and administrative efficiency. *Id.* The Board has held that an administrative judge may order a dismissal without prejudice at the request of one or both parties, or to avoid a lengthy or indefinite continuance. *Id.* The administrative judge dismissed the appellant's appeal about a month prior to the Board resolving the *Lucia* issue. I-5 ID at 1; *see McClenning v. Department of the Army*, 2022 MSPB 3 (2022); *see also Flynn*, MSPB Docket No. DC-1221-14-1124-M-4, Order at 3 (Mar. 31, 2022). Thus, we believe that the administrative judge's decision to dismiss the appeal without prejudice was appropriate in light of the then-pending interlocutory appeals.

As to the appellant's Appointment Clause argument on review, we find that we need not address this argument. On March 4, 2022, six days prior to the appellant's petition for review, all of the Board's administrative judges received appointments ratified by the head of the agency, thereby satisfying the requirements of the Appointments Clause. *See* U.S. Merit Systems Protection Board Ratification Order (Mar. 4, 2022), https://www.mspb.gov/foia/files/AJ_Ratification_Order_3-4-2022.pdf. The Ratification Order is a public document, of which we take administrative notice. *Id.* Thus, the Appointments Clause claim raised by the agency and the appellant is moot. *See Milner v. U.S. Postal Service*, 118 M.S.P.R. 600, ¶ 4 (2012) (holding that an issue is moot when there is no effective relief that the Board can provide). Therefore, we forward the appeal to the regional office for adjudication of the underlying appeal.

# NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.